IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ARMANDO LONGORIA | § | |
| | § | |
| v. | § | C.A. NO. C-09-075 |
| | § | |
| NATHANIEL QUARTERMAN | § | |

**MEMORANDUM AND RECOMMENDATION**
**TO GRANT RESPONDENT'S MOTION FOR SUMMARY JUDGMENT**

Petitioner is a state prisoner currently incarcerated at the McConnell Unit in Beeville, Texas. On April 17, 2009, Petitioner filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging the Texas Department of Criminal Justice's ("TDCJ") denial of his street time and good time credits upon revocation of his parole. (D.E. 1). Pending is Respondent's motion for summary judgment asserting that Petitioner's claims are time-barred, partially unexhausted and procedurally defaulted, and without merit. (D.E. 11). Petitioner filed a response on September 25, 2009. (D.E. 18). For the reasons stated herein, it is respectfully recommended that the Respondent's motion for summary judgment be granted, and this habeas action be dismissed.

**I. JURISDICTION**

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254, which provide that jurisdiction is proper where the

inmate is confined, or where the conviction was obtained.  <u>Wadsworth v. Johnson</u>, 235 F.3d 959, 961-62 (5th Cir. 2002).  Petitioner is incarcerated in Beeville, Texas.  (D.E. 1).  Jurisdiction is therefore proper in this Court.

## II.  BACKGROUND

On December 12, 1982, Petitioner was convicted of burglary of a habitation and sentenced to 60 years imprisonment.  (D.E. 1, Ex. A).  He was then released on parole on October 6, 1989 before being taken back into custody on May 9, 1991 for failing to satisfy his parole conditions.  <u>Id.</u>  Petitioner was again paroled on August 2, 1991, but was returned to custody on May 9, 2005 for another parole violation for attempted indecency with a child.  <u>Id.</u>  Petitioner has remained incarcerated ever since and filed multiple petitions for writs of habeas corpus with the State for his burglary and attempted indecency convictions.  <u>See</u> <u>Ex parte Longoria</u>, App. No. 14,964-01-08, App. No. 23,600-01.  However, he is only challenging his parole revocation and denial of street time and good time credits in this petition.  (D.E. 1).

## III.  PETITIONER'S ALLEGATIONS

Petitioner raises three grounds for relief: (1) denial of his street time after revocation of his parole violated his due process rights, subjected him to double jeopardy, and applied a law to him <u>Ex</u> <u>Post</u> <u>Facto</u>; (2) denial of his good time

credits after revocation of his parole violated his due process rights; and (3) his sentence was extended from 60 years to 74 years and 5 months after revocation of his parole, which violated his due process rights, subjected him to double jeopardy, and violated the Ex Post Facto Clause. (D.E. 1, at 21–40).

## IV. DISCUSSION

Respondent seeks summary judgment and dismissal of the petition on the grounds that Petitioner's claims are time-barred, partially unexhausted and procedurally defaulted, and without merit. (D.E. 11, at 1).

**A.     The Standard Of Review For Summary Judgment Motions.**

Rule 56 of the Federal Rules of Civil Procedure applies to federal habeas corpus cases. Clark v. Johnson, 202 F.3d 760, 764-65 (5th Cir. 2000) (citations omitted). Summary judgment is appropriate when there is no disputed issue of material fact, and one party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Courts must consider the record as a whole, including all pleadings, depositions, affidavits, interrogatories and admissions on file, in the light most favorable to the non-movant. Caboni v. Gen. Motors Corp., 278 F.3d 448, 451 (5th Cir. 2002).

The party seeking summary judgment bears the initial burden of demonstrating an absence of a genuine issue of material fact and informing the

court of the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which support its contention. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Williams v. Adams, 836 F.2d 958, 960 (5th Cir. 1988). Any controverted evidence must be viewed in the light most favorable to the non-movant, and all reasonable doubts must be resolved against the moving party. See Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990).

If the moving party makes the required showing, then the burden shifts to the non-movant to show that a genuine issue of material fact remains for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-87 (1986); Fields v. City of S. Houston, 922 F.2d 1183, 1187 (5th Cir. 1991) (citation omitted). The non-movant cannot merely rest on the allegations of the pleadings, but must establish that there are material controverted facts in order to preclude summary judgment. Fed. R. Civ. P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986) (citation omitted). Summary judgment is proper if the non-movant fails to make a showing sufficient to establish the existence of an element essential to his case on which he bears the burden of proof. Celotex, 477 U.S. at 322-23; ContiCommodity Servs., Inc. v. Ragan, 63 F.3d 438, 441 (5th Cir. 1995) (citations omitted).

**B.     Petitioner's Claims Are Time-Barred.**

**1.     Petitioner Filed His Habeas Petition After The AEDPA One-Year Limitation Expired.**

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") provides a one-year limitation period for filing a federal habeas petition in federal court by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1). That period runs from the latest of four alternative dates:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. Petitioner has not alleged any facts indicating that § 2244(d)(1)(A) applies to this petition because Petitioner's claims do not involve a judgment, but rather the denial of his street time and good time credits by the parole board. (D.E. 1).

5

Moreover, Petitioner does not allege that he was prevented from filing his state petition as contemplated in § 2244(d)(1)(B). Id. Finally, § 2244(d)(1)(C) does not apply because his claims do not arise pursuant to a newly recognized constitutional right. Id. Consequently, § 2244(d)(1)(D) remains the only possibility, which means the AEDPA one-year limitation began to run when the factual predicate of Petitioner's claims could have been discovered through the exercise of due diligence.

When a habeas petition concerns the denial of street time and good time credits, a petitioner could have discovered the factual predicate at the hearing where they were denied. See Kimbrell v. Cockrell, 311 F.3d 361, 363-64 (5th Cir. 2002) (the factual predicate in this case occurred when the petitioner, who was eligible for mandatory supervision, was deprived of his good time credits at a disciplinary hearing). Thus, Petitioner could have discovered the factual predicate of his claims on May 2, 2005, which was the date of his parole revocation hearing. (D.E. 11, Parole Records at 3). Accordingly, that is the date from which the AEDPA one-year limitation began to run.

Nevertheless, certain actions will toll the limitation period. For example, a prisoner may not file a federal habeas action unless he has first sought state habeas review and been denied relief. 28 U.S.C. § 2254(b)(1). While a prisoner seeks that state review, the AEDPA one-year period will be tolled:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). However, before a Texas prisoner seeks state habeas review regarding time-served issues, he must first raise these issues in a grievance with TDCJ and wait until TDCJ issues a written decision on the matter or until 180 days have passed from the filing date. Tex. Gov't Code § 501.0081(b). This grievance process will also toll the AEDPA one-year period if grievances were timely-filed during the one-year period. 28 U.S.C. § 2244(d)(2).

After Petitioner's limitation period began to run on May 2, 2005, he filed four different grievances about his loss of street time and good time credits with TDCJ on June 1, 2005, August 24, 2005, August 29, 2005, and September 21, 2005. (D.E. 11, Time Credit at 2-5). Petitioner received responses to his grievances from TDCJ sequentially on March 6, 2006, April 4, 2006, and April 18, 2006, id. at 6-8, but as the Respondent concedes, his final grievance was never answered. (D.E. 11, at 8). Petitioner filed his first grievance one month after his hearing, which was well within the one-year AEDPA limitation. This filing would have tolled the limitation period until November 28, 2005, which is 180 days after the filing date, because he did not receive a response until more than nine months later. However, because of state procedures, he had to wait until the last of his

grievances was resolved before he could file his state habeas petition. Accordingly, because Petitioner never received a response to his final grievance, the period continued to toll until March 20, 2006, which was 180 days after he filed his last grievance. In all, the grievance process tolled the time period for 292 days.

Additionally, Petitioner timely filed his state habeas petition within the AEDPA limitation, thus tolling the filing date for this federal petition further. From the state petition's filing date of October 9, 2006 until it was denied on April 16, 2008, the period was tolled for another 555 days. (D.E. 11, Relevant SHCR Records at 2-3).

In any event, Petitioner still filed his petition with the Court too late. After applying the various tolling periods, the one-year AEDPA limitation period would have ended on August 26, 2008. Petitioner did not file his petition with the Court until April 17, 2009, more than seven months after the time period expired. Therefore, it is respectfully recommended that Petitioner's action is time-barred.

### 2.     Petitioner Is Not Entitled To Equitable Tolling.

The decision to invoke equitable tolling is within the discretion of the district court. See Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999). The Fifth Circuit "has held that equitable tolling of the AEDPA limitations period is available "'in rare and exceptional circumstances' where it is necessary to

'preserve a plaintiff's claims when strict application of the statute of limitations would be inequitable.'" Johnson v. Quarterman, 483 F.3d 278, 286 (5th Cir. 2007) (quoting Fierro v. Cockrell, 294 F.3d 674, 682 (5th Cir. 2002)). "To be entitled to equitable tolling, [petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Equitable tolling of the limitations period applies principally where the petitioner is actively misled by the respondent about the petition, or is prevented in some extraordinary way from asserting his rights. Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (per curiam) (citation omitted). A prisoner proceeding pro se is not a "rare and exceptional" circumstance. Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000) (citations omitted).[1]

Petitioner has raised no facts indicating that rare and exceptional circumstances prevented him from timely filing his petition so as to invoke

---

[1] Respondent suggests that equitable tolling may not apply to federal habeas petitions based on his reading of Bowles v. Russell, 551 U.S. 205 (2007). (D.E. 11, at 9). However, Bowles struck down a local court rule as being unconstitutional because it conflicted with a jurisdictional requirement. Bowles, 551 U.S. at 208, 214. The Supreme Court never considered the doctrine of equitable tolling, id. at 206-07, which is a legal theory and not a local court rule. Moreover, Respondent concedes that the Supreme Court has not struck down, and the Fifth Circuit still upholds, equitable tolling in habeas petitions. (D.E. 11, at 9). Indeed, he does not cite any case that supports his interpretation of Bowles. Therefore, equitable tolling remains a valid doctrine for the Court to use at its discretion.

9

equitable tolling. Accordingly, it is respectfully recommended that he is not entitled to equitable tolling and that his petition is barred by the statute of limitations pursuant to AEDPA.

### C. Petitioner's Ex Post Facto Claim Is Exhausted And Not Procedurally Barred.

A federal writ of habeas corpus from an inmate in state custody shall not be granted unless: 1) the inmate has exhausted his legal remedies in the state courts; 2) state corrective processes are absent; or 3) circumstances render such processes insufficient to protect the individual's rights. 28 U.S.C. § 2254(b)(1). The exhaustion requirement is satisfied when the substance of each claim has been fairly presented to the highest court of the state. See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Fisher v. Texas, 169 F.3d 295, 302 (5th Cir. 1999) (citation omitted); Carter v. Estelle, 677 F.2d 427, 443 (5th Cir. 1982) (citations omitted). The Fifth Circuit has explained that "the state court system must have been presented with the same facts and legal theory upon which the petitioner bases his current assertions." Ruiz v. Quarterman, 460 F.3d 638, 643 (5th Cir. 2006) (citing Picard v. Connor, 404 U.S. 270, 275-77 (1971)). The petitioner must also present his claim in accordance with the state court's procedural rules. Mercadel v. Cain, 179 F.3d 271, 275 (5th Cir. 1999) (per curiam) (citation omitted). "This rule of comity reduces friction between the state and federal court systems by avoiding the

'unseem[liness]' of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." O'Sullivan, 526 U.S. at 845 (citations omitted).

Respondent asserts that Petitioner raises an Ex Post Facto claim in his habeas petition before this Court that he did not first raise in his petition to the Court of Criminal Appeals of Texas, thus making it unexhausted and procedurally defaulted. (D.E. 11, at 11). However, upon examination of his state petition, it is clear that Petitioner raised this claim in not one, but two, of the grounds for his state petition:

> Applicant will contend that the Application of HB1649 and the implementation of "New Rules and Policies" known to the State as Govt. Codes or Laws, to Applicant's 24 year old conviction, Ex Post Facto, is illegal.
> ...
> And it is therefore that Applicant now contends, that to allow TDCJ – ID to illegally apply HB1649 and these New Rules and Policies, to Applicant's sentence and hence forfeit Applicants Good Conduct Time, would fall within the Ex Post Facto prohibition ....

(D.E. 11, Relevant SHCR Records at 18, 21). Indeed, even the phrase "ex post facto" appears at least seven distinct times throughout the petition. Id. at 11-22. For the sake of avoiding duplication, Petitioner's entire Ex Post Facto arguments are not listed here, but it is clear that Petitioner fairly presented his claim before the Court of Criminal Appeals of Texas – the highest court in the state for criminal

11

cases – and thus, exhausted that claim before bringing it before this Court. Therefore, it is respectfully recommended that the Ex Post Facto claim is exhausted and not procedurally defaulted.

**D.    Petitioner's Claims Are Without Merit.**

   **1.    Denial of Petitioner's Street Time Credit Did Not Violate His Due Process Rights.**

Petitioner claims that the denial of his street time credits after revocation of his parole violated his Due Process rights. (D.E. 1, at 21-30). There is no federal constitutional right to street time credit. Thompson v. Cockrell, 263 F.3d 423, 426 (5th Cir. 2001) (citing Morrison v. Johnson, 106 F.3d 127, 129 n.1 (5th Cir. 1997)); see also Campos v. Jackson, 958 F. Supp. 1180, 1192 (W.D. Tex. 1997) ("It has been clear in this Circuit for almost three decades that a Texas prisoner has no constitutionally-protected right to credit against his state sentence for time served on parole prior to revocation of same.") (citations omitted). Furthermore, Petitioner has no constitutionally protected, state-created right to street time credit. Thompson, 263 F.3d at 426 (stating that Texas law allowing parole board to disregard street time was constitutional). At the time Petitioner was convicted for burglary in 1982, Texas law instructed that an inmate whose parole has been revoked "may be required to serve the portion remaining of the sentence on which he was released, such portion remaining to be calculated without credit for the time

of the date of his release to the date of revocation." Tex. Code Crim. Proc. art. 42.12 § 22 (1979).

In support of this claim, Petitioner points to the parole agreement he signed when he was released on parole. (D.E. 18, at 3-4). Specifically, he points to a clause reading, "The time to be served Under Parole is Also Calculated As Calendar-Time." However, Petitioner failed to read this clause in context. A subsequent clause, which Petitioner includes and emboldens in his response to Respondent's motion, reads, "I further understand and do agree that in the event of revocation of this release on Parole, <u>time spent on parole will not be credited to my sentence</u>." <u>Id.</u> at 4 (emphasis added).

Petitioner violated his parole and the parole board required him to serve the remainder of his sentence. His street time could not be credited to the remainder. <u>See</u> Tex. Code Crim. Proc. art. 42.12 § 22 (1979). His parole agreement, though not paramount to statutory law, even supports this conclusion. Therefore, it is respectfully recommended that Petitioner's Due Process rights were not violated when he was denied his street time credits.

### 2. **Denial of Petitioner's Good Time Credits Did Not Violate His Due Process Rights.**

Petitioner claims that denial of his good time credits after revocation of his parole violated his Due Process rights. (D.E. 1, at 31-38). The Fifth Circuit has held that Texas inmates may have a liberty interest in good time where the

13

mandatory supervision statute is involved. Thompson, 263 F.3d at 428 (citing Malchi v. Thaler, 211 F.3d 953, 956 (5th Cir. 2000)). Because the statute also allows revocation of good time as a punishment against prisoners, the inmate is entitled to the "minimum procedures appropriate under the circumstances and required by the due process clause" before good time credits can be taken away. Id. (citing Malchi, 211 F.3d at 959). However, an inmate is not entitled to previously earned good time forfeited through his own misconduct if he receives a hearing regarding the loss. Id. at 429.

Here, Petitioner's parole was revoked because he was arrested for attempted indecency with a child and he was not denied his good time until he had received a parole hearing. Therefore, it is respectfully recommended that Petitioner's Due Process rights were not violated.

### 3. Petitioner's Sentence Was Not Extended From 60 Years to 74 Years And 5 months.

Petitioner claims that his sentence was extended from 60 years to 74 years and 5 months after revocation of his parole, which violated his due process rights, subjected him to double jeopardy, and applied a law to him in violation of the Constitution's Ex Post Facto clause. (D.E. 1, at 38-40). The difference in these terms is equal to the amount of time Petitioner spent on parole. Id. at Ex. A. Central to this claim, Petitioner believes that his sentence continued to run pursuant

to Texas law while he was on parole and his street time was actually time spent in custody. Id. at 39. However, Petitioner did not have a right to have his street time credited against his time served. See Thompson, 263 F.3d at 426; see also Tex. Code Crim. Proc. art. 42.12 § 22 (1979).

TDCJ is statutorily permitted to disregard Petitioner's street time and require him to serve the remainder of his 60-year sentence without regard for the more than 14 years he was paroled. Id. Therefore, it is respectfully recommended that Petitioner's sentence was not lengthened beyond its original 60-year duration.

### 4. Petitioner Was Not Subjected To Double Jeopardy.

Petitioner claims that he is being punished a second time for the same crime because he was denied his street time and because his sentence was, in his interpretation, lengthened beyond the original 60 years. (D.E. 1, at 21-30, 38-40). However, the Fifth Circuit has held that double jeopardy principles do not apply to parole revocation proceedings. Parr v. Quarterman, 472 F.3d 245, 254 (5th Cir. 2006) (citing United States v. Whitney, 649 F.2d 296, 298 (1981)). The denial of Petitioner's street time and his perceived lengthening of his sentence stem from his parole revocation hearing and not his conviction. Therefore, it is respectfully recommended that Petitioner was not a victim of double jeopardy.

**5.     No Law Was Applied To Petitioner <u>Ex</u> <u>Post</u> <u>Facto</u>.**

Petitioner claims the use of the Texas statute applied to him at his parole revocation hearing violated the <u>Ex</u> <u>Post</u> <u>Facto</u> Clause. (D.E. 1, at 21-30, 38-40). The Supreme Court has explained that "[t]o fall within the *ex post facto* prohibition, a law must be retrospective ... and it 'must disadvantage the offender affected by it.'" <u>Lynce v. Mathis</u>, 519 U.S. 433, 441 (1997) (quoting <u>Weaver v. Graham</u>, 450 U.S. 24, 29 (1981)). An <u>ex</u> <u>post</u> <u>facto</u> law may disadvantage the affected offender in two ways: "by altering the definition of criminal conduct or increasing the punishment for the crime." <u>Id.</u> (citing <u>Collins v. Youngblood</u>, 497 U.S. 37, 50 (1990)). "Every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed" violates the <u>Ex Post Facto</u> Clause. <u>Id.</u> at 441 n.13 (quoting <u>Calder v. Bull</u>, 3 U.S. 386, 390 (1798)).

In 1982, when Petitioner was originally sentenced for burglary, Texas law instructed that an inmate whose parole has been revoked "may be required to serve the portion remaining of the sentence on which he was released, such portion remaining to be calculated without credit for the time of the date of his release to the date of revocation." Tex. Code Crim. Proc. art. 42.12 § 22 (1979). Then, when Petitioner's parole was revoked in 2005, the relevant progeny of article 42.12 § 22 was Government Code § 508.283, which stated:

16

> For a person who on the date of issuance of a warrant or summons initiating the revocation process is subject to a sentence the remaining portion of which is greater than the amount of time for the date of the person's release to the date of issuance of the warrant or summons, the remaining portion is to be served without credit for the time of the date of the person's release to the date of revocation.

Tex. Gov't Code § 508.283(c) (2003).

In his petition, Petitioner repeatedly cites to "Senate Bill 152" as the authority that should govern how his remaining sentence should be determined after revocation of his parole. (D.E. 1, at 25). However, "Senate Bill 152" was never a relevant authority. Article 42.12 § 22 was the controlling law in effect at the time of Petitioner's sentencing and § 508.283 when his parole was revoked. Both establish that Petitioner may have his parole revoked and be required to serve the remainder of his sentence without credit for any street time. Accordingly, it cannot fairly be said that any change in law disadvantaged Petitioner. Therefore, it is respectfully recommended that no law was applied to Petitioner <u>Ex</u> <u>Post</u> <u>Facto</u>.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Fifth Circuit from a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address

whether he would be entitled to a certificate of appealability. A district court may sua sponte rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious." Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).

The statute establishes that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2254 petitioner to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (citation omitted).

As to claims district courts reject solely on procedural grounds, a petitioner

must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

It is respectfully recommended that reasonable jurists could not debate the denial on substantive or procedural grounds nor find that the issues presented are adequate to proceed. Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court find that Petitioner is not entitled to a certificate of appealability.

## VI. RECOMMENDATION

Based on the foregoing reasons, it is respectfully recommended that Petitioner's claims are time-barred and without merit. Accordingly, it is respectfully recommended that the petition be dismissed. Finally, it is respectfully recommended that Petitioner be denied a certificate of appealability.

Respectfully submitted this 2nd day of October 2009.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).