UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ARMANDO LONGORIA, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. C-09-75 |
| | § | |
| RICK THALER, | § | |
| | § | |
| Respondent. | § | |

## ORDER

On this day came on to be considered Petitioner Armando Longoria, Sr.'s Motion for Relief from a Final Judgment. (D.E. 30.) For the reasons stated herein, Petitioner's Motion is DENIED.

Petitioner filed a petition for writ of habeas corpus on April 17, 2009, seeking to challenge the Texas Department of Criminal Justice's ("TDCJ's") decision to deny him street time and good time credits upon revocation of his parole. (D.E. 1.) Respondent Thaler filed a motion for summary judgment on June 26, 2009. (D.E. 11.) On October 2, 2009, U.S. Magistrate Judge Brian Owsley issued a Memorandum and Recommendation recommending that this Court grant the motion for summary judgment, as Petitioner's claims were time-barred under the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(d)(1), and his due process, double jeopardy, and *ex post facto* claims lacked merit. (D.E. 20 at 5-10, 12-17.) Petitioner filed objections on October 26, 2009, and this Court adopted the Magistrate's Memorandum and Recommendations over Petitioner's objections on February 17, 2010. (D.E. 25.) Also on February 17, 2010, the Court entered Final Judgment. (D.E. 26.) Petitioner has now filed a Motion for Relief from a Final Judgment. (D.E. 30.)

In his Motion, Petitioner argues that the Court's adoption of the Memorandum and Recommendations violated 28 U.S.C. § 636(b)(1),[1] essentially because this statute prohibits Magistrate Judges from ruling on motions for summary judgment except when all parties consent, which did not occur in this case. (D.E. 30 at 1-2.) Petitioner also argues that the Magistrate Judge and this Court erred in failing to take judicial notice of certain adjudicative facts in his case pursuant to Federal Rule of Evidence 201(b). (D.E. 30 at 2.) Petitioner requests that the Court dismiss the Final Judgment and rehear his case. (D.E. 30 at 3.)

Federal Rule of Civil Procedure 60(b) provides the grounds for relief from a final judgment. Rule 60(b) provides in relevant part, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Although Petitioner does not specify under which ground he seeks relief, Rule 60(b)(1) or 60(b)(6) are the only two grounds relevant in this context.

With respect to Petitioner's first argument, the Court did not err in adopting Magistrate Judge Owsley's Memorandum and Recommendations. While 28 U.S.C. § 636(b)(1)(A) provides that a judge may not designate a magistrate judge to "hear and determine" a motion for summary judgment, a judge may "designate a magistrate judge . . . to submit to a judge of the court **proposed findings of fact and recommendations for the disposition, by the judge of the court, of any motion excepted in subparagraph (A)**," which includes motions for summary judgment. 28 U.S.C. § 636(b)(1)(B) (emphasis added). This procedure was followed in this case. Magistrate Judge Owsley

---

[1] Petitioner incorrectly refers to this as a "Federal Rule of Civil Procedure 636(b)(1)(A)(B)." (D.E. 30 at 1.)

submitted a Memorandum and Recommendations advising dismissal of this case, and the Court adopted this as its own findings after making "a de novo determination of those portions of the . . . recommendations to which objection [was] made." 28 U.S.C. § 636(b)(1). This procedure is common in the context of habeas petitions and is entirely consistent with 28 U.S.C. § 636(b). See, e.g., Koetting v. Quaterman, 995 F.2d 37, 40 (5th Cir. 1993); Muniz v. Quarterman, 2007 WL 2021608 (S.D. Tex. July 10, 2007); Washington v. Texas Dep't of Criminal Justice, 2006 WL 3245741 (S.D. Tex. Nov. 5, 2006).

With respect to Petitioner's second argument, neither the Magistrate nor the Court erred in declining to take judicial notice of adjudicative facts in this case. Federal Rule of Evidence 201(b)(2) provides, "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is . . . (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Courts may, for example, take judicial notice under Rule 201(b)(2) of court records, scientific facts, weather records, or historical and geographical data. See Alan Wright & Kenneth W. Graham, Jr., 21B Federal Practice and Procedure § 5106 (2d ed. 2009) (categorizing facts noticeable under Rule 201(b)(2) as "'geographic, historical, political, economic, sociological and the like.'"); see also Tipton v. Northrup Grumman Corp., 2009 WL 3160163, at *5 (E.D. La. Sept. 29, 2009) (taking judicial notice of court records); Burkitt v. Flawless Records, Inc., 2005 WL 6225822, at *2 (E.D. La. June 13, 2005) (taking judicial notice of copyright certificates and trademark registrations). In this case, Petitioner essentially seeks to have the Court take judicial notice of his claim that the TDCJ, through the certificate of parole, entered into a contractual agreement with

Petitioner guaranteeing him street time credits, and violated Petitioner's rights by forfeiting his accrued good time credits without affording him appropriate due process protections. (D.E. 30 at 2.) As these claims must be characterized as Petitioner's arguments rather than "adjudicative facts," it would not be appropriate to take judicial notice of these claims.

For the reasons stated above, the Court DENIES Petitioner's Motion for Relief from a Final Judgment. (D.E. 30.)

SIGNED and ORDERED this 16th day of March, 2010.

_____
Janis Graham Jack
United States District Judge